FILED

NOT FOR PUBLICATION

JUL 27 2012

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

EDITH ROSSANA RAMIREZ-
SAGASTUME,

               Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

               Respondent.

No. 10-71310

Agency No. A072-509-545

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 17, 2012[**]

Before:    SCHROEDER, THOMAS, and SILVERMAN, Circuit Judges

     Edith Rossana Ramirez-Sagastume, a native and citizen of Guatemala,

petitions for review of the Board of Immigration Appeals' order dismissing her

appeal from the immigration judge's ("IJ") decision denying her application for

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings and review de novo its legal conclusions. *Santos-Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir. 2008). We deny the petition for review.

Ramirez-Sagastume testified that an unidentified man approached her on three occasions, told her to stop her political activities, and threatened her with death on at least one of these occasions. Based on these incidents, substantial evidence supports the IJ's finding that petitioner has not established past persecution. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) ("Threats standing alone...constitute past persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual suffering or harm.") (internal quotations omitted). Substantial evidence also supports the agency's finding that Ramirez-Sagastume failed to establish a well-founded fear of persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution too speculative). Therefore, Ramirez-Sagastume's asylum claims fails.

10-71310

Because Ramirez-Sagastume failed to establish eligibility for asylum, she necessarily fails to meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir. 2006).

Lastly, substantial evidence supports the agency's finding that Ramirez-Sagastume has not established that she faces a risk of torture if she returns Guatemala. *See Santos-Lemus*, 542 F.3d at 747-48. Accordingly, Ramirez-Sagastume's CAT claim fails.

**PETITION FOR REVIEW DENIED**.

10-71310